UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENITA M. WILLIAMS,

        Plaintiff,                         Case No. 2:23-cv-12155

v.                                         Honorable Susan K. DeClercq
                                              United States District Judge

EASTPOINTE COMMUNITY SCHOOLS,
and CHRISTINA GIBSON,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA**
**(ECF No. 28)**

In this case, Plaintiff Renita M. Williams, a former assistant principal for Eastpointe Community Schools, alleges that Defendants Eastpointe Community Schools and Christina Gibson discriminated and retaliated against her because of her race, and created a hostile work environment. *See* ECF No. 1.

Fact discovery closed on January 2, 2025.[1] *See* ECF No. 21. But over three months later—on April 8, 2025—Plaintiff served a subpoena on non-party Diane

---

[1] On the same day that fact discovery closed, Defendants filed a motion to compel Plaintiff's attendance at an independent medical examination (IME). ECF No. 24. On January 10, 2025, Counsel for all parties attended a virtual status conference, during which it was agreed that Plaintiff would attend an IME beyond the fact-discovery deadline due to scheduling conflicts. Importantly, however, no other exceptions to the fact-discovery cutoff were discussed.

Haack, commanding her to appear for a deposition just eight days later. *See* ECF No. 28 at PageID.179–80.

Now before the Court is Defendants' Motion to Quash Plaintiff's Subpoena for Non-party Diane Haack's Deposition. ECF No. 28. Defendants seek to quash the subpoena because it was served beyond the close of fact discovery and provided only eight days for compliance, which Defendants assert is unreasonable. *Id.* As explained below, Defendants' motion will be granted to the extent that the April 8, 2025, subpoena, *see* ECF No. 28 at PageID.179–80, will be quashed.

Generally, a party has "'no standing to seek to quash a subpoena directed to a non-party.'" *Underwood v. Riverview of Ann Arbor*, No. 08-CV-11024-DT, 2008 WL 5235992, at *1 (E.D. Mich. Dec. 15, 2008) (quoting *United States v. Wells*, No. 06-10589, 2006 WL 3203905, at *2 (E.D. Mich. Nov. 3, 2006)). But if the moving party shows that the third-party subpoena would violate their privilege or a personal right, they may have standing. *Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (6th Cir. 1997). The party seeking to quash a third-party subpoena must meet a heavy burden of proof. *Wells*, 2006 WL 3203905, at *2. For example, a party who makes no claim of privilege or personal right considering the heavy burden lacks standing to quash a third-party subpoena. *Underwood*, 2008 WL 5235992, at *1. Defendants have not made such a showing here—but that does not foreclose their ability to challenge the subpoena entirely.

Unlike a motion to quash, a motion for a protective order is available to "a party or any person from whom discovery is sought." FED. R. CIV. P. 26(c)(1). Courts in the Sixth Circuit have interpreted the mention of "a party" as allowing parties to file a motion for a protective order for a non-party. *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. Jun. 26, 2002) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non-party"); *see also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 ("[Courts within the Sixth Circuit have] held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties."). Thus, some courts have reviewed motions to quash third-party subpoenas under the standards of a Rule 26(c) protective order as well. *Underwood*, 2008 WL 5235992, at *2. The Court will do so here.

Under Civil Rule 26(c)(1), district courts may issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." To satisfy the requirements of Civil Rule 26(c), "the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016) (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884,

901 (6th Cir. 2012)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citations omitted). Furthermore, "[t]o justify restricting discovery, the harassment or oppression should be unreasonable, but 'discovery has limits and these limits grow more formidable as the showing of need decreases.'" *Serrano*, 699 F.3d at 901 (quoting 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2012)). Courts have broad discretion to determine whether a protective order is appropriate and what degree of protection is required. *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984). Third-party subpoenas issued under Civil Rule 45 are subject to the Court's scheduling orders. *See Olmstead v. Fentress Cty., Tenn.*, 2018 WL 6198428, at *3 (M.D. Tenn. Nov. 28, 2018) ("Courts in this circuit have held that subpoenas are discovery devices that are subject to the discovery deadlines in a scheduling order.").

Protective orders have been granted due to the untimeliness of a noticed deposition. *See Focus Health Grp., Inc. v. Stamps*, 2020 WL 7774906, at *2 (E.D. Tenn. Dec. 30, 2020) (collecting cases); *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 WL 2674189, at *1–2 (E.D. Mich. July 11, 2022); *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011) ("To

- 4 -

allow the Defendant to use a Rule 45 subpoena in order to depose a witness after the discovery cut-off deadline has passed, without express approval from this Court, would clearly amount to nothing more than a circumvention" of the scheduling order).

A protective order will be entered here to quash Plaintiff's April 8, 2025, subpoena commanding Haack's attendance at a deposition on April 16, 2025. Discovery in this case closed on January 2, 2025. ECF No. 21. Plaintiff's April 8 Subpoena was served more than three months beyond the discovery deadline, and at no point did Plaintiff seek permission from the Court to conduct Haack's deposition beyond the discovery deadline. *See* ECF No. 28 at PageID.179–80.

Although Defendants' motion will be granted and the April 8 Subpoena will be quashed, this Court notes that because Plaintiff did not have the opportunity to file a response to Defendants' Motion to Quash, Plaintiff may file a motion seeking leave of the court to depose Haack beyond the discovery deadline.

Accordingly, it is **ORDERED** that Defendants' Motion to Quash Subpoena for Non-party Diane Haack's Deposition, ECF No. 28, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's April 8, 2025, subpoena commanding Haack's presence at a deposition on April 16, 2025, is **QUASHED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 15, 2025